# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-4009-MWB |
| vs. | **DETENTION ORDER** |
| BRIAN PICOTTE, | |
| Defendant. | |

This matter came on for hearing on March 10, 2006, pursuant to 18 U.S.C. § 3142(f), on the motion of the United States (the "Government) for a detention hearing. Assistant United States Attorney Robert A. Knief appeared on behalf of the Government. The defendant Brian Picotte appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Iowa DCI Special Agent John Mathis.

Picotte, a convicted felon, is charged with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Agent Mathis testified the gun was found during a search of Picotte's person incident to his arrest on an outstanding warrant for failure to appear in connection with State charges. Agent Mathis further testified that when asked for his identification, Picotte lied in stating he had no identification on his person and he denied he was Brian Picotte. In addition, the court's review of Picotte's pretrial services report indicates he has a relatively significant criminal history for his young age of twenty-five. His criminal history includes, among other things, three probation violations, one parole violation, and a failure to appear as required on a charge of theft third.

On these facts, the court finds the Government has proved by clear and convincing evidence that there is a serious risk Picotte would flee if placed on pretrial release. *See*

18 U.S.C. § 3142(f)(2)(A).  The court further finds no condition or combination of conditions of release would reasonably assure the appearance of Picotte as required.  The court therefore orders as follows:

1. Picotte is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Picotte reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Picotte to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order.  Therefore, Picotte must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 10th day of March, 2003.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT